**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| CARLOS DELGADO, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 1:23-00202** |
| | ) | |
| UNITED STATES POSTAL | ) | |
| INSPECTION SERVICE, | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 11), filed on October 11, 2023; (2) Plaintiff's "Cross Motion for Summary Judgment" (Document No. 19), filed on December 4, 2023; and (3) Plaintiff's Motion for Entry of Default (Document No. 24), filed on February 2, 2024. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendant in moving to dismiss. (Document No. 13.) On December 4, 2023, Plaintiff filed his "Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment." (Document No. 19.) On January 29, 2024, Defendant filed a Reply. (Document No. 23.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 11) should be granted, Plaintiff's Cross Motion for Summary Judgment (Document No. 19) should be denied, and Plaintiff's Motion for Entry of

Default (Document No. 24) should be denied.

## **PROCEDURAL BACKGROUND**

On March 13, 2023, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and Complaint pursuant to 5 U.S.C. § 552(a)(4)(B) alleging that he requested and was wrongfully refused certain information pursuant to the Freedom of Information Act ("FOIA").[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the United States Postal Inspection Service ("USPIS") as the Defendant.[2] (Document No. 2.) Plaintiff indicates that by letter dated December 26, 2022, Plaintiff requested from the USPIS the following information pursuant to the FOIA:

> (a)    Records related to the interception of Priority Mail parcel displaying Priority Mail label number 9505 5111 4137 8173 0831 69 and handwritten Priority Mail address label addressed to Nilsy Perez, Agustin ST Hall Calle A, # 14, Bayamon, P.R. 00956; records related to the interception of Priority Mail parcel displaying Priority Mail label number 9505 5111 4137 8173 0831 69 and hand written Priority Mail address label addressed to Tyan Pehowdy, 2979 Main Street, Coventry, CT; and records related to the interception of Priority Mail label number 9505 5131 7307 8167 0287 65 and handwritten Priority Mail address label addressed to Fernando Fernandez, 260 Ave. Winston Churchill, Suite # 500, San Juan, P.R.

> (b)    All documents and material relating to any investigation performed by USPIS in conjunction with any other law enforcement agency, including but not limited to showing how, when, and by whom investigation was initiated concerning the mentioned parcels;

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 652 (1972).

[2] FOIA provides a cause of action against federal agencies only. Although Plaintiff named the United States of America as the defendant in the caption of the Complaint, Plaintiff indicated in the body of the Complaint that the United States Postal Inspection Service is the defendant. (Document No. 2.) Since the United States Postal Inspection Service is an agency covered by FOIA, the United States Postal Inspection Service is the proper defendant in the above case. *See* 5 U.S.C. § 552(f)(1); *also see Adionser v. Department of Justice*, 811 F.Supp.2d 284 (D.D.C. 2011). Thus, the undersigned ordered that the Clerk revise the Docket Sheet to reflect the United States Postal Inspection Service as the defendant and terminate the United States of America from the Docket Sheet.

(c)    All materials associated with the interception of the above mentioned parcel, including but not limited to controlled delivers, "Mail Watch" authorizations on any addressees of interest, canine handler reports, any USPIS surveillance video showing target individuals, mail logs of any USPIS Reports indicating the controlled delivery of any Priority Mail parcels mailed from Puerto Rico on May 21, 2018, destined a Connecticut address.

(Id.) Plaintiff states that on January 3, 2023, he received notice from the Privacy and Records Management Office acknowledging his above request and assigning him a FOIA tracking number 2023-FPRO-00623. (Id.) Plaintiff complains that by letter dated January 17, 2023, the USPIS instructed Plaintiff "since his request for records involves a third party . . . it will be necessary for Plaintiff to furnish the USPIS department a written statement (Certification of Identity) from Ryan Pehowdy authorizing the release to the requester of any records the Postal Inspection Service may have in its possession regarding him." (Id.) Plaintiff asserts that he filed an administrative appeal by letter dated February 10, 2023, citing "various FOIA violations." (Id.) Plaintiff contends "[o]n February 17, 2023, Plaintiff received notice from the Privacy and Records Management Office acknowledging receipt of Plaintiff's request to administratively appeal the FOIA Analyst's determination response." (Id.) Based upon the foregoing, Plaintiff first contends that the USPIS has violated the FOIA by failing to comply with "statutory deadlines." (Id.) Plaintiff claims that the "USPIS has not provided any notice citing 'unusual circumstances' in delaying its response to the appeal pursuant to 5 U.S.C. § 552(a)(6)(B)(i)." (Id.) Second, Plaintiff alleges that "USPIS FOIA Analyst Melissa Brantley, acting in her official capacity, misconstrued Plaintiff's FOIA Request to access certain records by asserting the information Plaintiff seeks involves a third party." (Id.) Third, Plaintiff states that the USPIS must "segregate out facts from the document" even if certain requested information is exempt. (Id.) Finally, Plaintiff states that "USPIS General Counsel erroneously suggests that the

information the Plaintiff seeks 'comprises personal date,' the 'release of [which] . . . would infringe on [a constitutional] right to privacy.'" (Id.) Plaintiff argues that Ryan Pehowdy has no "personal legally protectable privacy interest" in the information requested by Plaintiff. (Id.) As relief, Plaintiff requests the following: (1) "A declaration that Defendant USPIS has violated the FOIA by failing to lawfully satisfy Plaintiff's FOIA Request of December 26, 2022;" (2) "An order that Defendant USPIS produce all responsive agency records within (10) ten business days of the Court's Order in this matter;" and (3) "Such other relief as deemed just and proper by the Court." (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's "FOIA Appeal" dated February 10, 2023 (Document No. 2-1, pp. 1 – 3.); (2) A copy of a letter dated January 3, 2023, from the Privacy and Record Management Office of the United States Postal Service ("USPS") acknowledging Plaintiff's FOIA Request (Id., p. 4.); (3) A copy of a letter dated January 12, 2023, from Dannielle Mungo, USPS Government Information Specialist, stating that the USPIS is the appropriate agency to respond to his FOIA request (Id., pp. 5 – 6.); and (4) A copy of a letter dated January 17, 2023, from USPIS FOIA Analyst Melissa Brantley stating that Plaintiff's request involved a third a party and Plaintiff must have the third party complete a Certification of Identity authorizing the USPIS to release to Plaintiff any records (Id., p. 7.).

By Order entered on August 10, 2023, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon the Defendant. (Document No. 5.) On October 11, 2023, the Defendant filed its "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 11 and 12.) Defendant argues that Plaintiff's claims should be dismissed based upon the following:

4

(1) "Plaintiff has failed to comply with USPS regulations by not providing a third-party authorization or Certificate of Identity, and therefore, Plaintiff has submitted an improper request;" (2) The "FOIA does not obligate USPIS to search for or produce responsive records pursuant to an improper request;" and (3) "[T]he Privacy Act prohibits disclosure of the requested records without a third-party authorization of Certificate of Identity." (Document No. 12.)

As Exhibits, Defendant attaches the following: (1) A copy of Plaintiff's FOIA request to the USPS dated December 26, 2022 (Document No. 11-1); (2) A copy of a letter dated January 3, 2023, from the USPS to Plaintiff acknowledging receipt of his FOIA request and providing an assigned FOIA Tracking No. 2023-FPRO-00623 (Document No. 11-2); (3) A copy of a letter dated January 12, 2023, from the USPS to Plaintiff notifying him that the USPS was not the appropriate agency to respond to Plaintiff's request and noting that the request had been forwarded to the USPIS for a response (Document No. 11-3); (4) A copy of a letter dated January 17, 2023, from the USPIS FOIA Analyst Melissa Brantley to Plaintiff notifying Plaintiff that he must "have Ryan Pehowdy complete the enclosed Certification of Identity authorizing this agency to release to you any records in our custody" and to provide Plaintiff's "original notarized signature" or "complete and submit an original signed declaration in lieu of a notarized signature" (Document No. 11-4); (5) A copy of a letter dated February 10, 2023, from Plaintiff to the General Counsel for the USPIS stating that he wishes to "administratively appeal the [USPIS] FOIA Analyst Melissa Brantley's response by placing an unlawful contingency on documents responsive to his FOIA/PA request" (Document No. 11-5); (6) A copy of a letter dated March 9, 2023, from USPS General Counsel Tram T. Pham notifying Plaintiff that his

appeal was denied because Plaintiff "submitted an improper FOIA request" and Plaintiff could "submit a new FOIA request that is complaint with the relevant regulations as described in the enclosed decision" (Document No. 11-6, p. 2); and (7) A copy of the USPS Office of the General Counsel's "Opinion and Order" regarding Plaintiff's appeal (Id., pp. 3 – 5).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 12, 2023, advising him of the right to file a response to Defendant's Motion. (Document No. 13.) On December 4, 2023, following the granting of two extensions of time, Plaintiff filed his "Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment." (Document No. 19.) Plaintiff argues that he is "entitled to cross summary judgment opposing Defendant's request for summary judgment because he can demonstrate that there are several genuine issues of material fact that precludes dismissal of Plaintiff's claims, or in the alternative, summary judgment for the Defendant." (Id.) On January 10, 2024, Plaintiff filed his "Memorandum of Law in Support of Cross Motion for Summary Judgment." (Document No. 22.)

As Exhibits, Plaintiff attached the following: (1) A copy of a Criminal Complaint and supporting Affidavit concerning Plaintiff as filed in the United States District Court for the District of Connecticut, Case No. 3:18-mj-1101 (Document No. 22-1); (2) A copy of Plaintiff's FOIA request to the USPS dated December 26, 2022 (Document No. 22-2); (3) A copy of a letter dated January 3, 2023, from the USPS to Plaintiff acknowledging receipt of his FOIA request and providing an assigned FOIA Tracking No. 2023-FPRO-00623 (Document No. 22-3); (4) A copy of a letter dated January 12, 2023, from the USPS to Plaintiff notifying him that the USPS was not the appropriate agency to respond to Plaintiff's request and noting that the request had

been forwarded to the USPIS for a response (Document No. 22-4); (5) A copy of a letter dated January 17, 2023, from the USPIS FOIA Analyst Melissa Brantley to Plaintiff notifying Plaintiff that he must "have Ryan Pehowdy complete the enclosed Certification of Identity authorizing this agency to release to you any records in our custody" and to provide Plaintiff's "original notarized signature" or "complete and submit an original signed declaration in lieu of a notarized signature" (Document No. 22-5); (6) A copy of a letter dated February 10, 2023, from Plaintiff to the General Counsel for the USPIS stating that he wishes to "administratively appeal the [USPIS] FOIA Analyst Melissa Brantley's response by placing an unlawful contingency on documents responsive to his FOIA/PA request" (Document No. 22-6); (7) A copy of a letter dated March 9, 2023, from USPS General Counsel Tram T. Pham notifying Plaintiff that his appeal was denied because Plaintiff "submitted an improper FOIA request" and Plaintiff could "submit a new FOIA request that is complaint with the relevant regulations as described in the enclosed decision" (Document No. 22-7, p. 2); and (8) A copy of the USPS Office of the General Counsel's "Opinion and Order" regarding Plaintiff's appeal (Id., pp. 3 – 5).

On January 29, 2024, Defendant filed a "Reply to Plaintiff's Response and Cross Motion for Summary Judgment." (Document No. 23.) On February 2, 2024, Plaintiff filed a Motion for Entry of Default by Clerk and Affidavit in Support. (Document Nos. 24 and 25.) On February 5, 2024, Defendant filed a Response In Opposition to Plaintiff's Motion for Entry of Default. (Document No. 26.)

## SUMMARY OF EVIDENCE

By letter postmarked December 27, 2022, Plaintiff submitted to the USPS a FOIA request stating, in pertinent part, as follows:

I respectfully request a copy of the following documents containing information

be provided to me. The release of any and all records and documents maintained by the USPS Investigative Unit which touch upon, concern, or relate to the criminal investigation into the contraband mailing scheme surrounding the subject parcel intercepted on June 20, 2028, by USPS Inspector Investigator Hector Martinez, Newark Distribution Processing Center. The Priority Mail package label bares the addressee Ryan Pehowdy of 2979 Main Street, Coventry, CT. See USPS Seizure Report PMN-# 243335. I also respectfully request that a copy of any and all records, documents, and information indicating when investigation was initiated. I also respectfully request that a copy of any and all records, documents, and information indicating any "Mail Watch" authorizations which may have been placed on any other addresses of interest on the days of May 21, June 4, 11, 18, and 20, 2018 considered suspicious during the investigation. I also request that a copy of any and all records, documents, and information indicating the controlled delivery of the "subject parcel" priority mail package bearing the name Ryan Pehowdy, 2979 Main Street, Coventry, CT between June 20 and 26, 2018, including the controlled delivery of a suspicious package on May 21, 2018, related to the mentioned investigation. I also request that a copy of any and all records, documents, and information of all USPS Inspector Investigators and all law enforcement agencies and officers that took part in the execution of the controlled deliveries. I also request that a copy of any and all records, documents, and information of postal mail logs generated of all mailing addresses considered suspicious.

(Document No. 11-1.)

By letter dated January 3, 2023, Eboni Francis, USPS Government Information Specialist, acknowledged receipt of Plaintiff's FOIA request and assigned FOIA Tracking No. 2023-FPRO-00623. (Document No. 11-2. ) By letter dated January 12, 2023, Dannielle Mungo, USPS Government Information Specialist, notified Plaintiff that the USPS was not the appropriate agency to respond to Plaintiff's request and noting that the request had been forwarded to the USPIS for a response. (Document No. 11-3.)

By letter dated January 17, 2023, USPIS FOIA Analyst Mellissa Brantley notified Plaintiff that he must (1) "have Ryan Pehowdy complete the enclosed Certification of Identity authorizing this agency to release to you any records in our custody," and (2) provide Plaintiff's "original notarized signature" or "complete and submit an original signed declaration in lieu of a

8

notarized signature." (Document No. 11-4.) Specifically, USPIS FOIA Analyst Brantley stated, in pertinent part, as follows:

> Since your inquiry involves a third party, we have the responsibility of ensuring there is no unwarranted invasion of personal privacy. Therefore, in order for us to process your request, it will be necessary for you to furnish this department a written statement from Ryan Pehowdy authorizing the release to you of any records the Postal Inspection Service may have in its possession regarding him (5 U.S.C. 552a(b)). For identification purposes, such authorization should include Social Security number, date of birth, and current residential and/or business mailing address.
>
> Please have Ryan Pehowdy complete the enclosed Certification of Identity authorizing this agency to release to you any records in our custody. **This should be done within 10 business days of the date of this letter.**
>
> In accordance with Handbook AS-353, Guide to Privacy and the Freedom of Information Act, Chapter 3-4.1a(1) states, "A records custodian may request that individuals provide either a notarized statement or a statement signed under penalty of perjury stating that they are the person they claim to be." The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Postal Inspection Service systems of records are not wrongfully disclosed by the Service. False information on this form may subject the requester to criminal penalties under Title 18, U.S.C., section 1001 and/or 5 U.S.C., section 552a(i)(3).
>
> Using the enclosed form, please provide your **<u>original</u>** notarized signature. You may complete and submit an original signed declaration in lieu of a notarized signature. You must return your completed form **within 10 business days of the date of this letter**. Upon receipt of the requested information, we will provide further attention to your request for records. **Failure to furnish this information will result in your request being closed.**

(Id.)

By letter dated February 10, 2023, Plaintiff notified General Counsel for the USPIS that he wished to "administratively appeal the [USPIS] FOIA Analyst Melissa Brantley's response by placing an unlawful contingency on documents responsive to his FOIA/PA request." (Document No. 11-5.) By "Opinion and Order" dated March 9, 2023, Plaintiff's appeal was denied by USPS General Counsel Tram T. Pham. (Document No. 11-6, pp. 3 – 5.) USPS General Counsel Pham concluded as follows: (1) "The requestor submitted an improper FOIA request having failed to

provide an identity certification and third-party authorization as required by the Postal Service's FOIA regulations;" (2) "Under these circumstances, the FOIA does not obligate the IS to search for or produce responsive records in light of the improper request;" and (3) "[T]he Privacy Act prohibits disclosure of records in this matter" because "[b]oth the Privacy Act and Postal Service regulations require the written consent of the individual to whom the requested records pertain in order to disclose records about that individual." (Id.) By letter dated the same day, USPS General Counsel Pham notified Plaintiff that his appeal was denied because Plaintiff "submitted an improper FOIA request" and Plaintiff could "submit a new FOIA request that is complaint with the relevant regulations as described in the enclosed decision." (Id., p. 2.)

## THE STANDARD

### Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se*

Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). A motion to dismiss filed pursuant to Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once subject matter jurisdiction is challenged, plaintiff bears the "burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction cannot be waived by the Court or the parties. The absence of subject-matter jurisdiction may be raised at any time. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a District Court may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment. See William v. United States, 50 F.3d 299 (4th Cir. 1995).

### Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-moving movant." Wai Man Tom v.

11

Hospitality Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020)(citations omitted.); also see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(A "material fact" is a fact that could affect the outcome of the case); CTB, Inc. v. Hog Slat, Inc., 954 F.3d 647, 658 (4th Cir. 2020)("A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict of the nonmoving party."); FDIC v. Cashion, 720 F.3d 169, 180 (4th Cir. 2013)(A "genuine issue" of material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor). "The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact." Wai Man Tom, 980 F.3d at 1037. The moving party may satisfy this burden by showing that the non-moving party has failed to prove an essential element of the non-moving party's case that the non-moving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim.). Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. See Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986); also see Wai Man Tom, 980 F.3d at 1037(citation omitted)("[T]o survive the motion for summary judgment, [the non-moving party] may not rest on the allegations averred in his pleadings. Rather, the nonmoving party must demonstrate specific, material facts exist that give rise to a genuine

issue.") Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 247-48, 106 S.Ct. 2505("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); Perry v. Kappos, 2012 WL 2130908, * 3 (4th Cir. 2012)(quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)("At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action.") All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356; also see Sedar v. Reston Town Center Property, LLC, 988 F.3d 756, 763 (4th Cir. 2021)("The requirement to construe the facts, and all reasonable inferences therefrom, in the light most favorable to the non-moving party does not require [the court] to accept cherry-picked snippets of the testimony divorced from their context."). Additionally, the court is not allowed to make credibility determinations or weigh the evidence at the summary judgment stage. Stanton v. Elliott, 25 F.4th 227, 234 (4th Cir. 2022)(noting that the disbelief in a non-moving party's ability to succeed on the merits is insufficient to grant summary judgment). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate. See Moss v. Parks Corp., 985 F.2d 736, 738 (4th Cir. 1993)(Summary judgment is proper where it is apparent from the record that "no reasonable jury could find for the nonmoving party.")

## DISCUSSION

1.    **Motion for Entry of Default Judgment:**

In his Motion, Plaintiff requests that the Clerk enter default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure due to Defendant's failure to file a "Reply/Response to Plaintiff's Memorandum in Support of Cross Motion for Summary Judgment." (Document No. 24.) In support, Plaintiff states that he served Defendant with a copy of his Cross Motion for Summary Judgment on January 11, 2024. (Id., p. 1.) Plaintiff asserts that he filed a Certificate of Service establishing that "service was proper pursuant to Rule 4 & 5 of the Federal Rules of Civil Procedure." (Id.) Plaintiff claims that "Defendant has failed to serve and file a Reply/Response to Plaintiff's memorandum in support of Plaintiff's response in opposition and Cross Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment by January 31, 2024." (Id., p. 2.) Plaintiff asserts that "[t]he applicable time limit for responding has expired." (Id.) Plaintiff files an Affidavit in Support. (Document No. 25.)

In Response, Defendant argues that Plaintiff's above Motion should be denied. (Document No. 26.) First, Defendant states that it filed a timely Reply on January 29, 2024. (Id.) Second, Defendant argues that it was not required to file a Reply. (Id., p. 2.) Defendant explains that although Plaintiff titles "his response to Defendant's Motion to Dismiss as a 'cross motion for summary judgment,' Plaintiff does not present any new claim or basis for summary judgment." (Id.) Defendant contends that "Plaintiff simply argues that sufficient evidence has been presented to create a genuine issue of fact that precludes the court from entering summary judgment on behalf of Defendant." (Id.) Finally, Defendant argues that Plaintiff filed his above Motion prematurely. (Id.) Specifically, Defendant explains that Plaintiff filed his above Motion prior to the expiration of the Court's established deadline of January 31, 2024. (Id.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment

"[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." A plaintiff must produce *prima facie* evidence that service was proper. J & J Sports Productions, Inc. v. Santillan, 2012 WL 2861378, at * 4 (M.D.N.C. July 11, 2012). "A return of service generally serves as *prima facie* evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008). If a plaintiff produces *prima facie* evidence, the burden shift to the defendant to provide evidence of insufficient process. Hollander v. Wolf, 2009 WL 3336012, at * 3 (S.D.Fla. Oct. 14, 2009).

After reviewing all of the pleading and filings in this case, the undersigned finds that Defendant did not default by failing to respond. Service was executed upon Defendant on August 14, 2023. (Document Nos. 7 – 9.) On October 11, 2023, Defendant filed its "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 11 and 12.) On December 4, 2023, Plaintiff filed his "Motion for Extension of Time to Reply to Defendant's Motion for Summary Judgment" and "Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment." (Document Nos. 18 and 19.) By Order entered on December 5, 2023, the undersigned granted Plaintiff's Motion For Extension of Time allowing Plaintiff until January 16, 2024, to file his Memorandum in Support of Plaintiff's Response in Opposition. (Document No. 20.) Additionally, the undersigned directed that "Defendant may file its Reply/Response to Plaintiff's Memorandum in Support of Plaintiff's Response in Opposition and 'Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment' by January 31, 2024." (Id.) On January 10, 2024, Plaintiff filed his "Memorandum of Law in Support of Cross Motion for Summary Judgment." (Document No. 22.) On January 29, 2024, Defendant filed a "Reply to Plaintiff's Response and

Cross Motion for Summary Judgment." (Document No. 23.) Thus, Defendants timely entered a pleading in this case by filing their "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" on October 11, 2023 (Document No. 11) and Defendant filed a timely "Reply to Plaintiff's Response and Cross Motion for Summary Judgment" (Document No. 23) on January 29, 2024 (Document No. 18). Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Entry of Default (Document No. 24) be denied.

2.    **FOIA Claim:**

In its "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," Defendant first argues that Plaintiff submitted an improper request because "Plaintiff has failed to comply with USPS regulations by not providing a third-party authorization or Certificate of Identity." (Document No. 11 and Document No. 12, pp. 1 – 2, 5 – 6.) Defendant explains that Plaintiff requested documents regarding himself and the criminal investigation involving a priority mail package addressed to Ryan Pehowdy. (Document No. 12, p. 5.) Defendant, however, notes that "Plaintiff did not provide a Certificate of Identity for himself or Mr. Pehowdy." (Id.) Although Plaintiff was notified of these deficiencies by the FOIA analyst and provided ten (10) business days to remedy the improper request, Plaintiff failed to do so. (Id., pp. 5 – 7.) Since Plaintiff's request was deficient, Defendant argues it was not required to process the request. (Id., p. 6.) Second, Defendant argues that "[b]oth the Privacy Act and Postal Service regulations require the written consent of the individual to whom the requested records pertain in order to disclose records about that individual." (Id., p. 7.) Defendant again explains that Plaintiff "failed to provide written consent of any individual – including the Certification of Identity for himself." (Id.) Defendant, therefore, concludes that Plaintiff's claim must be dismissed because

his FOIA requests was improper. (Id., p. 8.)

In Response, Plaintiff filed a "Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment." (Document No. 19.) First, Plaintiff argues that he is "entitled to cross summary judgment opposing Defendant request for summary judgment because he can demonstrate that there are several genuine issues of material fact that precludes dismissal of Plaintiff's claims or, in the alternative, summary judgment for the Defendant." (Id.) Second, Plaintiff argues that his FOIA requests was "seeking records complied for law enforcement purposes thus, under this context, Plaintiff was not required to provide a Certificate of Identity for himself or a separate one for third-party authorization, and so, the regulations cited by Defendant are inapplicable to Plaintiff's FOIA request." (Id., pp. 2 and 9.) Third, Plaintiff argues that "as a general rule, withholding information under the Freedom of Information Act cannot be predicated on the identity of the requester." (Id.) Plaintiff claims that "only information which falls within exemptions listed on the FOIA may be withheld by an agency" and "Defendant has failed to properly invoke any one of these exemptions." (Id., pp. 2, 9 – 10.) Plaintiff argues that "[e]ven if Defendant invokes one of the nine exceptions . . ., the Court must still balance the privacy interest that would be comprised by disclosure against the public interest in release of the requested materials." (Id., p. 10.)

In his Memorandum in Support, Plaintiff continues to reassert the foregoing arguments. (Document No. 22.) Specifically, Plaintiff continues to argue that "the regulations cited by Defendant are inapplicable to Plaintiff's FOIA request" because his request was "seeking records complied for law enforcement purposes." (Id., pp. 2 and 9 - 10.) Plaintiff contends that "the record makes unmistakably clear that the original FOIA request seeks investigatory records, not

personal." (Id., pp. 10 – 11.) Plaintiff argues that "[t]o prevail on its motion for summary judgment, the defendant must 'prove that each document . . . requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements.'" (Id., p. 11.) Plaintiff explains that "Congress intends that the Courts construe the Privacy Act and the Freedom of Information Act separately and independently so that exemption from disclosure under the Privacy Act does not exempt disclosure under the Freedom of Information Act, and vice versa." (Id., p. 13.) Thus, Plaintiff argues that "the information that may be unavailable when a party requests access to that information under the Privacy Act, may be available when that information is requested under the Freedom of Information Act." (Id., p. 14.) Plaintiff asserts his request was made pursuant to the FOIA, not the Privacy Act. (Id.) Next, Plaintiff argues that "Defendant has improperly regulated the withholding of responsive investigatory records in a manner that is inconsistent with the nature of Plaintiff's FOIA request by focusing its analysis too strictly on just the request's opening paragraph and for whatever reason disregarded the construe liberally the totality of the request." (Id.) Plaintiff argues that Defendant could not "read the regulation cited in support as permitting an agency to exempt from disclosure all the information in an investigatory record solely on the ground that the record includes some information that identifies a private citizen with a de minimis privacy interest." (Id., p. 15.) Finally, Plaintiff argues that Defendant failed to establish which requested documents were exempt from production. (Id., pp. 16 - 21.)

In Reply, Defendant acknowledges that Defendant considered Plaintiff's request as one pursuant to FOIA. (Document No. 23, p. 1.) Defendant, however, argues that "FOIA regulations and the Privacy Act are both implicated when an agency considers a FOIA request." (Id., p. 2.)

Defendant states that "[t]hey are not independent as Plaintiff asserts." (<u>Id.</u>) Defendant again explains that "both FOIA regulations and the Privacy Act permit or require the requestor to submit a certificate of identity and written request consent to access record concerning a third party." (<u>Id.</u>) Defendant states that Plaintiff's request was rejected because Plaintiff failed to submit a certificate of identity and consent from Mr. Pehowdy. (<u>Id.</u>) Next, Defendant asserts that Plaintiff's argument concerning Defendant's failure to establish which requested documents were unidentifiable or exempt is irrelevant. (<u>Id.</u>) Defendant explains that since Plaintiff's request was rejected for failing to comply with applicable FOIA regulations, "Defendant was not obligated to process the request, search for documents, segregate documents, or identify an exception to disclosure." (<u>Id.</u>)

The FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one of the nine enumerated exemptions. <u>See</u> 5 U.S.C. § 552(b). "The agency's disclosure obligations are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." <u>Antonelli v. Federal Bureaus of Prisons</u>, 591 F.Supp.2d 15, 24 (D.D.C. 2008)(citing 5 U.S.C. § 552(a)(3)(A)). "[A]n agency is under no obligation to response 'until it has received a proper FOIA request in compliance with its published regulations." <u>Lewis v. U.S. Dept. of Justice</u>, 733 F.Supp.2d 97, * 107 (D.D.C. Aug. 19, 2010)(citations omitted). According to Postal Service regulations, "[a] requester who is making a request for records about himself ***must*** provide verification of identity sufficient to satisfy the component as to his identity prior to release of the record" and "comply with the procedures set forth in 39 CFR 266.5" concerning

records protected by the Privacy Act. 39 C.F.R. § 265.3(d)(emphasis added). Additionally, if a FOIA request seeks disclosure of records pertaining to a third party, the requester may be required to provide a "notarized authorization, a declaration a completed Privacy Waiver as set forth in 39 C.F.R. 266.5(b)(2)(iii), or other additional information if necessary in order to verify that a particular individual has consented to disclosure." 39 C.F.R. § 265.3(e).

In the instant case, Plaintiff's request involved documents regarding himself and the criminal investigation involving a priority mail package addressed to Ryan Pehowdy. It is undisputed that Plaintiff did not provide a Certificate of Identity for himself or a notarized third-party authorization for Mr. Pehowdy. Despite the FOIA Analyst's identification of the deficiencies and providing Plaintiff ten (10) days to remedy the improper request, it is undisputed that Plaintiff failed to provide these documents. Since Defendant did not receive a request that complied with its "published rules," it had no obligation to search or produce such documents. See Stelmaszek v. Dept. of Veterans Affairs, 2020 WL 4673415, * 4 (D.D.C. 2020)(citations omitted)("If any agency receives a request that does not comply with its published rules, it 'has no reasons to search or produce records.'"); Mitchell v. Samuels, 160 F.Supp.3d 8, 11 (D.D.C. 2016)(citation omitted)("A requestor must '[c]omply with both FOIA and agency requirements . . . before the agency can release the requested documents,' and his failure to comply with applicable regulations 'amounts to a failure to exhaust administrative remedies, which warrants dismissal.'"). Furthermore, Defendant had no obligation to segregate documents or proclaim that any requested document fell under one of the nine (9) exceptions to disclosure. See Antonelli, 591 F.Supp.2d at 24; Lewis, 733 F.Supp.2d at 107. Accordingly, the undersigned respectfully recommends that Defendant's "Motion to Dismiss, or in the

Alternative, Motion for Summary Judgment" (Document No. 11) be granted and Plaintiff's Cross Motion for Summary Judgment (Document No. 19) be denied. See Jenkins v. U.S. Dept. of Justice, 263 F.Supp.3d 231, 233 (D.D.C. 2017)(citations omitted)("Omitting one of the two threshold requirements for a proper FOIA request . . . warrants dismissal."); Jean-Pierre v. Federal Bureau of Prisons, 880 F.Supp.2d 95, 102 (D.D.C. 2012)(Since the undisputed record indicated that plaintiff did not comply with the DOJ's and the BOP's published rules, plaintiff never properly initiated a FOIA request and his FOIA complaint was subject to dismissal); Sykes v. United States, 2011 WL 3739017, * 13 – 14 (S.D.Oh. July 22, 2011)(dismissing claims where plaintiffs failed to show they submitted "proper requests" in compliance with agency regulations).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 11), **DENY** Plaintiff's Cross Motion for Summary Judgment (Document No. 19), **DENY** Plaintiff's Motion for Entry of Default (Document No. 24), and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: May 1, 2024.

Omar J. Aboulhosn
United States Magistrate Judge